## DARIUS J. RAYMOND vs. JOSEPH B. LOWE.

Kennebec.    Opinion March 19, 1895.

*Trial Justice.    Appeal.    Assumpsit.    Case.*

Assumpsit for money had and received will not lie against a trial justice, to recover fine and costs paid to him upon a decision in a case where he had jurisdiction of the person and offense, even if the justice wrongfully refused to allow an appeal from his decision.

ON MOTION AND EXCEPTIONS.

The case appears in the opinion.

*A. M. Goddard*, for plaintiff.
*Fred Emery Beane*, for defendant.

SITTING : PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-HOUSE, STROUT, JJ.

STROUT, J.    The plaintiff was arrested upon a warrant issued by defendant, a trial justice, for an assault and threatened breach of the peace, and brought before the defendant for trial.    As such justice, defendant then had jurisdiction over that offense and the person of the plaintiff.    Upon the hearing, the judgment was that plaintiff was guilty as charged in the complaint, and he was ordered to recognize, with sureties, in the sum of one hundred dollars to keep the peace for one year, and to pay the costs of prosecution, taxed at thirteen dollars and seventy-six cents, and stand committed till the costs were paid and the recognizance furnished.    This judgment and sentence were within the jurisdiction of the justice.    In all this proceeding the trial justice was acting judicially, and he is protected from suit for any injury resulting to plaintiff from any honest error of judgment.    *Williamson* v. *Lacy*, 86 Maine, 86.

It appears that the plaintiff was arrested in the early morning, and brought before the justice at about eight o'clock the same morning.    The plaintiff having no counsel or witnesses in attendance, asked time to consult counsel and obtain witnesses,

which request was refused, and the trial proceeded. It is claimed that the refusal was unreasonable and corrupt. The magistrate should have granted reasonable time to the plaintiff to prepare and make his defense, but the evidence fails to satisfy us that he acted wantonly or corruptly. Apparently it was an honest error in judgment. The justice probably thought, that as the main purpose of the proceeding was to require plaintiff to recognize to keep the peace, no useful purpose would be subserved by granting delay. No action lies for such error of judgment.

After the decision, it appears that plaintiff claimed an appeal, but he did not furnish sureties to perfect his appeal. He claims that this failure resulted from the refusal of the justice to give him time, within twenty-four hours, to obtain sureties. Upon this point the testimony is conflicting. It appears that plaintiff did obtain from the bystanders sureties to keep the peace, but these sureties would not become such on the appeal, but advised plaintiff to pay the costs. The result was that plaintiff paid the costs, and was released. He then brought this action of assumpsit for money had and received, and claims to recover of defendant the money paid upon the judgment for costs.

He insists that the magistrate wrongfully and corruptly refused to allow an appeal, and wrongfully and corruptly prevented an appeal by his refusal to allow the plaintiff reasonable opportunity to obtain sureties to prosecute his appeal; that the granting an appeal was a ministerial act and not judicial, and that in consequence of such refusal, he paid the money under duress, *per minas*, the alternative being imprisonment; and that for such wrongful ministerial acts, defendant is liable to suit.

It is true that the acts of a magistrate in a matter of appeal are ministerial; and it may be true, that if a magistrate wantonly and corruptly refuses to allow an appeal, rightfully claimed and seasonably offered to be perfected, or if he corruptly and oppressively prevents the party from obtaining sureties, he may be liable to a suit for damages; but it by no means follows that assumpsit for money had and received can be maintained for the money paid to satisfy the judgment.

The judgment was in behalf of the State. When paid, the money, in the hands of the justice, was money of the State, and in no sense belonged to the magistrate, or was held by him in his personal character; but it was in his hands as a State officer, for which he was accountable to the State, and to no other party.

But if the plaintiff had perfected his appeal, so far as devolved upon him, and the magistrate had corruptly refused to allow it, or had corruptly and oppressively prevented the plaintiff from obtaining sureties to prosecute his appeal, for the purpose of coercing him to pay the judgment for costs, the plaintiff's remedy was by an action of tort for damages, and not in assumpsit for the money paid.

It is claimed that the tort may be waived, and assumpsit maintained. This is true in cases of tortious taking of personal property, which the tort-feasor has converted into money; but until conversion into money, assumpsit cannot be maintained. This principle does not apply to damages for personal injuries.

The learned judge who tried this case, instructed the jury, in substance, that if the defendant corruptly refused to allow plaintiff opportunity to procure sureties to prosecute his appeal, then he would be liable in this action for the amount of the costs which he thus obliged the plaintiff to pay.

In the opinion of the court this instruction was erroneous. If the facts were as claimed by plaintiff this action cannot be maintained, the remedy being in tort.          *Exceptions sustained.*